**BILLY J. WILLIAMS, OSB #901366**
United States Attorney
District of Oregon
JUDITH R. HARPER, OSB #903260
Judi.Harper@usdoj.gov
Assistant United States Attorney
310 West Sixth Street
Medford, Oregon  97501
Telephone:  (541) 776-3564
Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**$98,035.00 U.S. CURRENCY,** *in rem*,<br><br>    Defendant. | 1:20-cv-01858-BR<br><br>**COMPLAINT,** *in rem,*<br>**FOR FORFEITURE** |

Plaintiff, United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and Judith Harper, Assistant United States Attorney, for its complaint *in rem* for forfeiture, alleges:

I.

This Court has subject matter jurisdiction, *in rem* jurisdiction, and venue pursuant to 21 U.S.C. § 881; 28 U.S.C. §§ 1345, 1355, 1356, and 1395; and 19 U.S.C. § 1610.

II.

Defendant, *in rem*, **$98,035.00** U.S. Currency, was seized in the District of Oregon, and is

now and during the pendency of this action will be within the jurisdiction of this Court.

III.

Defendant, *in rem*, $98,035.00 U.S. Currency represents proceeds traceable to an exchange for controlled substances or was used or intended to be used to facilitate such a transaction in violation of 21 U.S.C. § 841(a)(1), and is forfeitable to the United States pursuant to the provisions of 21 U.S.C. § 881(a)(6), as more particularly set forth in the declaration of David Chambers, Task Force Officer with Department of Homeland Security, marked as Exhibit A, attached and fully incorporated herein by this reference.

WHEREFORE, plaintiff, United States of America, prays that due process issue to enforce the forfeiture of defendant, *in rem*, $98,035.00 U.S. Currency; that due notice be given to all interested persons to appear and show cause why forfeiture of this defendant, *in rem*, should not be decreed; that due proceedings be had thereon; that this defendant be forfeited to the United States; that the plaintiff United States of America be awarded its costs and disbursements incurred in this action.

DATED: **October 28, 2020.**          Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney

*s/ Judith R. Harper*
**JUDITH R. HARPER**
Assistant United States Attorney

# VERIFICATION

I, David Chambers, declare under penalty of perjury, pursuant to the provisions of 28 U.S.C. Section 1746, that I am assigned as a Task Force Officer with the Department of Homeland Security, and that the foregoing Complaint *in rem* for Forfeiture is made on the basis of information officially furnished and upon the basis of such information the Complaint *in rem* for Forfeiture is true as I verily believe.

<u>s/David Chambers</u>
DAVID CHAMBERS
Task Force Officer with Department of Homeland Security

# **DECLARATION of DAVID CHAMBERS**

I, David Chambers, do hereby declare:

## **BACKGROUND/EXPERIENCE**

1. I, David Chambers, being duly sworn to oath, do hereby depose and say the following: I am a sworn police officer with the Department of Oregon State Police. I began my employment with the Department of Oregon State Police in July 2000. In 2000 I attended the Oregon State Police Academy.

2. I am currently a detective assigned to the Grants Pass Area Command, Drug Enforcement Section, where I'm conducting criminal investigations, including but not limited to, controlled substance offenses. Specifically, I am assigned to the RADE (Rogue Area Drug Enforcement) Team, where my responsibilities are primarily focused around middle to upper level narcotics enforcement, primarily involving persons who involve themselves with DTO's (Drug Trafficking Organizations). I am also assigned as a TFO (Task Force Officer) with the Department of Homeland Security where I am currently assigned to the Medford, Oregon, Office. I have completed forty (40) hours of training from HSI. During my law enforcement training, I learned the skills necessary to conduct federal criminal investigations, including investigating crime scenes, interviewing witnesses and suspects, and writing reports and affidavits. During my tenure as a law enforcement officer, and a HSI Task Force Officer, I have investigated and/or participated in investigations of money laundering, narcotics trafficking, fraud, smuggling, and theft. I have also acquired knowledge and information about the illegal drug trade and the various means and methods by which it is furthered from formal and informal training, other law enforcement officers and investigators, informants, individuals I have arrested

and/or interviewed, and my participation in other investigations.

3. I have participated in searches of premises and assisted in evidence gathering by means of search warrant. I have received training in investigating money laundering and have had the opportunity to study and investigate numerous examples of money laundering schemes specifically pertaining to the laundering of drug proceeds.

4. I have participated in hundreds of investigations at the federal, state, and local levels. These investigations have pertained to narcotics trafficking and laundering drug proceeds as well as a variety of criminal activities including bulk cash smuggling, alien smuggling, fraud, illegal exportation of munitions, interstate transportation of stolen property, and wire fraud.

**PURPOSE OF THIS DECLARATION**

5. This declaration is submitted in support of a civil complaint *in rem* for forfeiture of $98,035 in U.S. currency seized from James Keorner, during a traffic stop that occurred on June 9, 2020, on Interstate 5, near milepost 31, in Jackson County, Oregon. As discussed below, I believe there is probable cause to believe that the $98,035 is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it constitutes or was derived from proceeds traceable to violations of 21 U.S.C. § 841(a)(1).

6. I have not personally participated in this investigation, however I have reviewed report(s), and sworn search warrant affidavit(s) generated by other law enforcement officials and have had discussions with other investigators who have personal knowledge of the matters covered in those reports, and from conversations with persons who have personal knowledge of the events described herein. I have not included all of the details of the investigation, only those

facts that I believe necessary to demonstrate a probable cause to proceed with civil forfeiture of the $98,035.

7. Based on my experience, training, and discussions with other law enforcement officers experienced in drug investigations, I know that certain indicators often exist when drug traffickers use transport and ship controlled substances, or proceeds of the sale of controlled substance, on highways and interstates from one location to another, with the use of motor vehicles.

8. I know from my training and experience that Oregon legalized the production and sale of marijuana and that marijuana remains illegal in North Carolina. Marijuana grown in Oregon sells for far less in Oregon than it sells for in states where it remains illegal. For this reason, I know that marijuana grown in Oregon is often shipped to other states, and that cash payments for the marijuana are shipped back to Oregon.

## SUMMARY OF THE INVESTIGATION

9. On June 9, 2020, at approximately 12:53 P.M., Oregon State Police Senior Trooper Travis Peterson was on duty, displaying a badge, and operating a marked Oregon State Police patrol vehicle. Senior Trooper Peterson was parked stationary with the front of his patrol vehicle facing southbound in the middle of Interstate 5 at milepost 31, in Jackson County, Oregon. Senior Trooper Peterson observed a black Dodge van traveling at a higher rate of speed than the posted fifty-five (55) mile per hour speed limit zone. Senior Trooper Peterson checked the black Dodge van's speed at sixty-seven (67) miles per hour in a fifty-five (55) mile per hour speed limit zone, violating ORS 811.111. According to Senior Trooper Peterson, it appeared that the male driver was possibly also on his cellular telephone in violation of ORS 811.507.

10. Senior Trooper Peterson immediately pulled out and caught up with the black Dodge Caravan and identified the vehicle by a rear California registration plate (8KPG951). Senior Trooper Peterson immediately initiated a traffic stop near milepost thirty-two (32) by activating his overhead red and blue emergency lights. The operator of the Dodge Caravan continued to drive northbound and after approximately half of a mile he took exit thirty-three (33) northbound. According to Senior Trooper Peterson, the operator of the van yielded in the Chevron Gas Station parking lot, in Central Point, Jackson County, Oregon.

11. Senior Trooper Peterson exited his patrol vehicle and made a passenger side approach to the van. Senior Trooper Peterson observed several large black plastic trash bags in the cargo area of the van. In plain view, Senior Trooper Peterson observed the black trash bags to have what he recognized from his training and experience was marijuana protruding out of the black trash bags in heat seal packages. Senior Trooper Peterson could also smell an overwhelming odor of marijuana coming from inside of the Dodge Caravan. Senior Trooper Peterson positively identified the male driver by a North Carolina driver's license identifying the male driver as James Alexander Keorner with a date of birth of XX/XX/1995.

12. While Senior Trooper Peterson was speaking with Mr. Keorner, he noticed a heat seal bag next to Mr. Keorner's feet on the driver's side floorboard of the rental van. Senior Trooper Peterson observed loose rubber bands inside of the heat seal bags. At this time, Senior Trooper Peterson knew, based on his training and experience, that the large amount of marijuana inside of the trash bags in the cargo area of the van and the loose rubber bands inside of the heat seal package made him believe that Mr. Keorner was committing the crime of Unlawful Possession

and Delivery of Marijuana. Peterson explained to Mr. Keorner that he had probable cause to search his vehicle for illegal substances to include large amounts of marijuana.

13. Mr. Keorner stepped out of the rental van and locked the doors on the way out of the van. Senior Trooper Peterson explained to Mr. Keorner that he was going to conduct a probable cause search of the rental van. Mr. Keorner stated Senior Trooper Peterson needed a search warrant to search the van and requested to talk with an attorney.

14. Senior Trooper Peterson conducted a probable cause search of the van and located approximately 75 pounds of packaged marijuana. Senior Trooper Peterson also located a large amount of U.S. Currency located under the marijuana and inside of a suitcase. Mr. Keorner was placed under arrest by Senior Trooper Peterson for the crime of Unlawful Possession of Marijuana, Unlawful Delivery of Marijuana, and Money Laundering. Mr. Keorner was searched, incident to arrest, by Senior Trooper Peterson and he located a large bundle of U.S. Currency inside of his pockets. Mr. Keorner was placed inside the back of Senior Trooper Peterson's patrol vehicle and transported to the Oregon State Police Central Point Patrol Office.

15. The U.S. Currency was placed inside of evidence bags. Oregon State Police Sergeant Adam Walport arrived on scene and transported the U.S. Currency and marijuana to the Oregon State Police Central Point Patrol Office, located at 4500 Rogue Valley Highway, Central Point, Jackson County, Oregon.

16. Once at the Oregon State Police Central Point Patrol Office, Mr. Keorner was informed of his Miranda rights by Senior Trooper Peterson. Mr. Keorner stated that he understood his rights, and stated that he did not want to speak to Senior Trooper Peterson about the case. The total amount of U.S. Currency was counted and totaled $98,035 dollars in U.S.

Currency.  The total weight of the Marijuana was approximately 75 pounds.  Mr. Keorner was ultimately transported and lodged at the Jackson County Jail for the crimes of Unlawful Delivery of Marijuana (ORS 475B.346(3)(b)(A)), Unlawful Possession of Marijuana (ORS 475B.337(3)(c)), and Money Laundering (ORS 174.170).

17. Oregon State Police Detective Tom Willis obtained a search warrant to search KEORNER's cellular telephone that was seized from Mr. Keorner by Senior Trooper Peterson during the traffic stop. The information from the cellular telephone was downloaded and analyzed.

18. The following is what was found on Keorner's cellular telephone:

Drug records were handwritten in either columns or outline format on lined notebook paper. The columns show a combination of strain name and the total amount of strain, an '@' symbol followed by a price per individual amount of each strain, and a total price for each strain. The outlines show a strain name or extract type on one line then on the next line down an equation of on hand amount '@' price per individual amount = total. The '$' symbol is rarely included in the individual entries. Amounts are typed below as they are written on the images.

Drug Records / Images Chronology:

   a. 4/14/2020 – 2 images: Images of KEORNER's North Carolina driver's license and debit card.

   b. 4/15/2020: Image of handwritten page showing 'owed to house – April' total of $249,540 and '34000 – product'.

   c. 4/17/2020 – 3 images: first image is text thread with Colin Ned with a text asking "Whatcha got? I can move em" and pictures of a single marijuana bud and a handful of buds

with a text stating "850 to me. No seeds". Screenshot of text thread is dated April 4th and only exists in the images. Second and third images are different views of a hand holding a piece of "shatter" marijuana extract.

d.  4/18/2020: Image of hand holding two marijuana buds.

e.  4/26/2020 – 3 images of a notebook page with strains and monies: first image shows a list of 9 strains with amounts, price per amount, and a line stating '248,550 Total cost'; second image shows two equations with totals of '169,440' and '146,000'; third image shows additional calculations with amounts of '33,425' and '31,930'.

  

f.  4/27/2020: image of several dozen marijuana buds in a clear plastic tote.

g.  4/28/2020 – 3 images: first image is a handwritten page with 15 strains including quantity and price, then calculations with a total of '229,550'; second image shows close-up of a pile of marijuana buds; third image is a hand holding a single bud.

h.  5/3/2020 – 4 images: First image is handwritten record of 'Cash in' for March and April with 4 amounts and a total of '314050'; second image shows 14 strains with amounts, individual prices, total price for each strain, and a total price for all strains of '227996'; third image is labeled 'May' with the '227996' amount from the second image and entries for expenses and transport; fourth image is labeled 'Cash Out' and '227996 – May Product' and notations of '19000 – *James*' and 'taking from Slabs $ / for *James*' [*James* is probable James

FREEBORN found in contacts list with 71 communications during 4/14/2020-5/23/2020 time frame].



    i. 5/4/2020 – 3 images of lined, handwritten, notebook pages: first image shows subtotals for outs, lows, rosin, sauce, and gummies totaling $348,100; second image is titled 'Slabs' with a final line stating "$28100 to *Alex*"; third image shows amount '348100' subtracting amount '227996' (see item #8) with amounts for '*Alex*' and '*Jack/Brent*' ['*Jack*' is probable 'JACK' from contact list; *Brent* is probable 'Brent MACKIE' and appears on item 15. 5/30/2020].

  

j. 5/6/2020 - 3 images: first image is handwritten ledger with various amounts including '227996 May' [amount from items 8 and 9] and notation '19000 *James*'; second and third images show an outdoor grow between 16 to 20 plants.

k. 5/15/2020 – 4 images of lined, handwritten, notebook pages: first image shows 25 strains with amount of each strain and price per strain; second image is calculations sheet for flowers, "krunks", and slabs with total amount of '269,200'; third image is calculations figuring profits for 'A 67% 62,980' and 'J 33% 31,020'.

  

l. 5/22/2020 – 3 images: first image shows grow from item 10 with a greenhouse in the background, second and third images are better views of the exterior of the greenhouse.

m. 5/26/2020: image of clear, oblong bag containing probable processed marijuana with '2100' written in red pen.

n. 5/28/2020 – 2 images of lined, handwritten, notebook pages: first image shows 21 strains with quantity of each strain, cost per strain, and cost W/TP [Probable 'With Terpenes']; second image is list of 14 strains with quantity per strain and total quantity of all strains.

o. 5/30/2020 – 4 images total of 2 lined, handwritten, notebook pages and 2 texts related to the pages: first image is a list of 22 strains with quantity per strain and 3 columns of different prices per strain with a fold line between the prices; second and third images are messages '*Brent Mackie*' and KEORNER describing prices for a few strains, how to use the price sheet, and "…priced individually per jack' [messages appear to be from MACKIE instead of to him]; fourth image outlines profits for 'oil' and 'flower', '*Alex* total payout - ($360k)', and other amounts to '*Alex*' and '*J/B*' [probable *Jack* and *Brent*].

   

p. 6/3/2020 – 3 images: first image are texts from '*Joshua Nathan* (nevada City)' discussing a difference between amounts owed (378,300 vice 381,500); second image is plants inside a greenhouse [probable greenhouse from item 12. 5/22/2020]; third image is a pile of marijuana buds with edge of plastic [probable bag] in lower right corner.

q. 6/6/2020: image of screenshot of a spreadsheet showing 12 strains and quantity of each.

r. 6/8/2020 – 4 images: first image is pile of buds in a plastic bag; second image is a blob of 'budder' or 'crumble' (marijuana extracts); third image is a stylized black & white image of hands holding a mason jar of a probable marijuana extract and a fan of 11 $100 bills; fourth image is a screenshot of PURPL app showing 'total thc 6% and 'total cbd 12%' [PURPL PRO is an instant potency measurement combination scale and app].

19. During the analysis, Detective Willis discovered links to Oregon State Police Case Number SP20-008830, involving an individual in that case named Adam WELSH: WELSH is the subject of report SP20-008830. During that case, Mr. Keorner was listed in WELSH's phone as 'Akizzle'. Additionally, Eric GROTELUSCHEN, a contact in WELSH's phone is also a

contact in KEORNER's phone. KEORNER and GROTELUSCHEN had an IM (Instant Message) conversation on 6/7/2020 which they discussed KEORNER "…need a spot to package product" and needing to run a couple of 'vac sealers'.

20. There were important contacts identified in Mr. Keorner's cellular telephone and text messages. One example is Colin NED - (XXX) XXX-8305: 4/17/2020 discussing probable sale of processed marijuana. A second example is with Brent MACKIE – (XXX) XXX-1477: 5/30/2020 messages discussing strains and prices. A third example is with James FREEBORN – (XXX) XXX-4890: KEORNER and FREEBORN had a text thread from 4/26/2020 through 5/3/2020 discussing 'packaging', FREEBORN's overnighting in Ft. Collins CO., travel plan en route to Denver, including mentions of MACKIE '*Brent* has it for you'. A fourth example is with Joshua NATHAN (nevada City) – (XXX) XXX-5728: messaged about amounts owed. *Note 'nevada City' appears lowercase in the phone.*

21. On August 13, 2020, Keorner was indicted in the Jackson County Circuit court for the crimes of Unlawful Delivery of Marijuana (ORS 475B.346(3)(b)(A)), Unlawful Possession of Marijuana (ORS 475B.337(3)(c)), and Money Laundering (ORS 174.170). His criminal case is pending.

## CONCLUSION

22. Based on the above, and my training and investigative experience, I have probable cause to believe that the $98,035 in U.S. Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as it constitutes or was derived from proceeds traceable possession and distribution of controlled substances, a violation of 21 U.S.C. § 841(a)(1).

I declare under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746.

Executed this 28th day of October 2020.

*s/David Chambers*
David Chambers
Task Force Officer
Homeland Security Investigations

℅JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America

## DEFENDANTS
$98,035.00 U.S. CURRENCY, in rem

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Jackson**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Judith R. Harper - United States Attorney's Office
310 West 6th Street, Medford, OR 97501

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  | ☐ 862 Black Lung (923) |  |
| ☐ 195 Contract Product Liability |  ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |  ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
21:881(a)(6) / 21:841(a)(1)

Brief description of cause:
forfeiture of proceeds used or intended to be used to facilitate narcotics trafficking

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: ☐ Yes [X] No

## VIII. RELATED CASE(S) IF ANY
(See instructions:)
JUDGE _____
DOCKET NUMBER _____

DATE: 10/28/2020

SIGNATURE OF ATTORNEY OF RECORD: s/ Judith R. Harper

**FOR OFFICE USE ONLY**

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____